UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-21094-CIV-HOEVELER/O'SULLIVAN

UNITED STATES OF AMERICA
*ex rel.*, GERRY PHALP & MATT
PEOPLES,

    Plaintiffs,

v.

LINCARE HOLDINGS INC. & LINCARE
INC. D/B/A DIABETIC EXPERTS OF
AMERICA,

    Defendants
_____/

## CONFIDENTIALITY AGREEMENT & JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

    Pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, the parties to this action hereby stipulate and agree to the following Confidentiality Agreement. Furthermore, the parties jointly move this Court for the entry of the Protective Order attached hereto as **Exhibit A.**

### CONFIDENTIALITY AGREEMENT

    This Confidentiality Agreement is entered into by and among: (a) Gerry Phalp; (b) Matt Peoples (Collectively "Relators"); and (c) Lincare Holdings Inc. and Lincare Inc. d/b/a Diabetic Experts of America (collectively "Lincare") (all collectively "parties").

*Materials Covered*

    1.    This Confidentiality Agreement ("Agreement") shall apply to all information and materials disclosed during the course of this action ("the Litigation") by

any party or non-party, including information disclosed: (a) during discovery, mediation or settlement discussions, hearing, trial, or appeal; (b) in any pleading, document, affidavit or declaration, brief, motion, transcript or other writing; or (c) in testimony given in a deposition, hearing, or trial, and any copies, notes, abstracts or summaries of such information. The materials identified in subparagraphs (a) through (c) shall be referred to in this Agreement collectively as "Litigation Materials."

2. The parties agree that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, including Fed. R. Civ. P. 26(c)(1)(G).

3. Each party or non-party that designates information or items for protection under this Agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth in the Federal Rules and the case law. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

4. The parties agree that Federal Rule of Civil Procedure 26(c)(1) prohibits mass, indiscriminate, or routinized designations, and that designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions. If

it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

### *Protected Health Information*

5.   This Agreement shall be governed by and interpreted consistent with, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Standards for Privacy of Individually Identifiable Health Information ("HIPAA privacy regulations"), 45 CFR § 164.512(e)(iv) and (v). The HIPAA privacy regulations are applicable to physicians and other covered entities. Among other things, HIPAA privacy regulations regulate the disclosure of patient identifiable health information (referred to herein as "Protected Health Information") in judicial and administrative proceedings.

6.   As used in this Agreement, the term "Protected Health Information" shall have the meaning contained in 45 CFR § 164.501 and shall include individually identifiable health information, as defined in 45 CFR § 164.103, including demographic information collected from an individual, which:

(a)   Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and

(b)   Relates to the past, present or future physical mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and

(i)   That identifies the individual; or

(ii)   With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

7. As used in this Agreement, "a covered entity" shall have the meaning contained in 45 CFR § 160.103 and shall include:

    (a)    A health plan.

    (b)    A health care clearinghouse.

    (c)    A health care provider who transmits any health information in electronic form in connection with a transaction as defined in 45 CFR § 160.103.

8. As used in this Agreement, the term "business associate" shall have the meaning contained in 45 CFR § 160.103.

*Confidential Litigation Materials*

9. Any party or non-party may designate as "HIPAA Protected" or "Confidential" the entirety of or any portion of any Litigation Materials, provided the designation is made in good faith, as follows:

    (a)    "HIPAA Protected" materials are any materials containing Protected Health Information.

    (b)    "Confidential" information shall mean testimony or information in a document which the disclosing party or non-party believes in good faith constitutes confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1), including such information as designated in Rule 26(c)(1)(G). "Confidential" information shall also include information contained in the personnel files of third parties in the possession, custody or control of Lincare, including but not limited to information regarding medical or family history, critical employment actions, and the counseling of a current of former employee of Lincare. "Confidential" information does not include information that is: (1) generally available in the public domain; (ii) approved for release

by written authorization of the party who owns the information; or (iii) disclosed to the receiving party by a third party lawfully possessing such information and under no obligation of confidentiality; or (iv) developed independently by a party or any employee or designated agent thereof independently and without any use whatsoever of confidential information received or obtained by another party to this Agreement; or (v) submitted to any governmental entity without request for or statutory entitlement to confidential treatment. Notwithstanding the foregoing, the designating party may assert confidentiality as to any other Litigation Materials that it might discover or receive subsequent to the date of this Agreement that it, in good faith, believes is confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1).

### *Designation of Litigation Materials*

10.  Documents or other tangible Litigation Materials produced by a party or non-party may be designated as "HIPAA Protected" or "Confidential," by any party by either: (i) stamping or writing the legend "HIPAA Protected" or "Confidential" on the documents or other Litigation Materials at or before production or within 45 days from the execution of this Agreement, whichever is greater; or (ii) by sending a notice to all parties of those documents deemed to be "HIPAA Protected," or "Confidential" at or before production or within 45 days from the execution of this Agreement, whichever is greater.

11.  Any portion or all of any deposition or other testimony may be designated as "HIPAA Protected" or "Confidential" by any one or more of the following means: (i) by stating orally on the record that the information is "HIPAA Protected" or "Confidential," on the day the testimony is given; (ii) by sending written notice to all

parties designating information as "HIPAA Protected" or "Confidential" within ten court days after receipt of a copy of the transcript from the court reporter or within 45 days from the execution of this Agreement; or (iii) by stamping or writing the legend "HIPAA Protected" or "Confidential," on the relevant portion of the transcript at or before the signing of the transcript by the witness. All information disclosed during a deposition shall be deemed to have been designated "Confidential" until the expiration of the time within which the witnesses may sign the transcript, whether or not any portion of the transcript has been designated previously.

12. Where only a portion of Litigation Materials are designated as "HIPAA Protected" or "Confidential" counsel claiming such confidentiality shall designate the parts of any such materials for which confidentiality is claimed, and only those parts shall be subject to this Agreement.

13. Inadvertent failure to designate Litigation Materials as "HIPAA Protected" or "Confidential" at the time of production or disclosure shall not operate to waive a party's right to later designating such Litigation Materials as "HIPAA Protected" or "Confidential."

### *Limitations on Use*

14. The parties agree that "HIPAA Protected," and "Confidential," Litigation Materials shall be used solely and exclusively for the purposes of this Litigation, styled Case No..: 10-21094-CIV-HOEVELER/O'SULLIVAN; *United States of America, Ex. rel. Gerry Phalp and Matt Peoples v. Lincare Holdings, Inc., and Lincare, Inc. d/b/a Diabetic Experts of America* in the United States District Court, Southern District of Florida, Miami Division, including any appeals of this Litigation. The parties further agree that "HIPAA Protected" or "Confidential," Litigation Materials shall not either

directly or indirectly, in whole or in part, be revealed, reproduced, disseminated or disclosed in any manner or made available for inspection and copying, to any individuals or entities except in accordance with this Agreement.

### *Treatment of "HIPAA Protected" & "Confidential" Litigation Materials*

15.   No copy of "HIPAA Protected," or "Confidential" Litigation Materials shall be made except to the extent necessary for the preparation and conduct of the Litigation, including discovery, mediation or other settlement discussions, motion practice, trial, and appeal. Any person responsible for making such copies must ensure that all such copies adequately reflect the appropriate designation.

16.   "HIPAA Protected" and "Confidential" Litigation Materials, including any copies, notes, abstracts or summaries, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

    (a)   the Court;

    (b)   court reporters who record depositions or other testimony in the Litigation;

    (c)   counsel of record to the parties, and the legal associates, paralegals, support staff, information technology personnel, e-discovery vendors, trial presentation vendors, and copy vendors who are employed by such counsel, are actually involved in assisting the Litigation, and to whom disclosure is necessary;

    (d)   in-house attorneys for Lincare and necessary legal staff employed by such counsel, who are actually involved in assisting the Litigation, and to whom disclosure is necessary;

(e) parties, and those employees or former employees of the parties to the extent necessary to prepare them to testify or participate in the Litigation;

(f) experts or consultants retained by the parties or their counsel to assist counsel to prepare the Litigation for trial;

(g) any person who was either an author or recipient of the information in question prior to the intended disclosure in this case;

(h) deposition and trial witnesses to the extent necessary for their testimony.

17. All persons authorized to receive "HIPAA Protected" or "Confidential" Litigation Materials under this Agreement (other than the Court and the court reporter), shall be shown a copy of this Agreement, and, if not an attorney acting as outside or in-house counsel to a party in the Litigation or an employee of such counsel, shall, in a written and signed Certificate in the form attached to this Agreement as Appendix A, state that he or she has read this Agreement and agrees to be bound by its terms. Counsel of record for that party shall then retain the Certificate until the conclusion of the Litigation, and shall make such Certificates available to other counsel upon written request after the conclusion of the Litigation.

*Inadvertent Disclosure and Production*

18. In the event that "HIPAA Protected," or "Confidential" Litigation Materials are disclosed to someone not authorized to receive such information under this Agreement, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure to counsel of record for the party who initially so designated the Litigation Materials and shall also describe the circumstances of the unauthorized disclosure.

19. In the event documents which are claimed to be "HIPAA Protected," or "Confidential" are inadvertently produced without the appropriate designation, such documents shall be returned by the receiving parties to the producing party within two (2) business days of any written request, or immediately stamped by the receiving party with the legend "HIPAA Protected" or "Confidential" as appropriate and, in that later event, counsel effecting the stamping shall so notify counsel for the opposing party in writing that it has done so.

### *Use in Court and Depositions*

20. If the filing of "HIPAA Protected" or "Confidential" Litigation Materials is necessary, the materials shall be filed under seal pursuant to the requirements of Southern District of Florida Local Rule 5.4, or sufficiently redacted to remove identifying Protected Health Information or information designated as Confidential. If the non-designating party believes the materials do not satisfy the criteria of "Confidential" information as defined herein and described by Rule 26(c)(1), that party is free to move the Court for an order de-designating the documents as "Confidential." The designating party shall then bear the burden to establish the documents should be sealed pursuant to Local Rule; however, the documents shall be treated as "Confidential" under this Agreement until the Court rules on the motion seeking to de-designate the documents.

21. With respect to the examination of witnesses upon oral or written deposition, when "HIPAA Protected," or "Confidential," Litigation Materials is supplied, the court reporter shall be directed by the party using the information at the deposition to bind the designated testimony and/or exhibits in a separate volume and mark the volume **"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."** The

party using "HIPAA Protected," or "Confidential" Litigation Materials shall notify the court reporter of this Agreement and the requested Order.

22. Whenever "HIPAA Protected" or "Confidential" Litigation Materials are to be discussed or disclosed in a deposition, any person may require the exclusion from the room of any person who is not entitled to receive the "HIPAA Protected" or "Confidential" Litigation Materials, except the witness, his or her counsel, experts and individuals responsible for creating the stenographic or video record of the deposition.

23. Nothing in this Agreement shall prevent any of the parties from using "HIPAA Protected" or "Confidential" Litigation Materials in connection with any trial, mediation, or settlement discussion, hearing, or other proceeding in the Litigation, or from seeking further protection with respect to the use of any "HIPAA Protected," or "Confidential" Litigation Materials in connection with such trial, mediation or settlement discussion, hearing, or other proceeding in the Litigation.

24. Nothing in this Agreement shall preclude a party from seeking additional protection from the Court for documents that contain highly sensitive and proprietary information that could harm the designating party's business advantage if disclosed. Where such a request is made, the parties will meet and confer and attempt in good faith to reach agreement as to the additional protection sought, and, if the parties cannot reach agreement, any dispute shall be presented to the Court.

25. Nothing in this Agreement shall preclude a party from disclosing or using its own information or documents, which also happen to be designated as "HIPAA Protected," or "Confidential" Litigation Materials pursuant to this Confidentiality Agreement. Such disclosure shall not waive the protections of this Confidentiality

Agreement, unless such disclosure places the information within the general public knowledge, and shall not entitle other parties or persons or their attorneys to disclose such information or documents in violation of this Agreement.

*Objections to "Confidential" Designations*

26.     If any party in good faith: (a) objects to the designation of any Litigation Materials as "HIPAA Protected," or "Confidential" or (b) objects to any party's use of this Agreement generally, the party shall state the specific grounds for the objection. If the parties are then unable to resolve any such objection, the objecting party may, within fourteen (14) days, or within such other period as the parties agree, move the Court to resolve the dispute. Consistent with Fed. R. Civ. P. 26(c), the burden of persuasion of any such proceeding shall be on the designating party. Until the Court rules on any such motion, the Litigation Materials shall continue to be deemed "HIPAA Protected," or "Confidential," under the terms of this Agreement, and all other terms and conditions of this Agreement shall remain in full force and effect. This paragraph does not relate to proceedings related to violations of this Agreement.

*Conclusion of Litigation*

27.     Within forty-five (45) days of the conclusion of the Litigation, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return or destruction of all "HIPAA Protected" or "Confidential," Litigation Materials (and all copies and notes, abstracts or summaries created from such Litigation Materials) from all persons to whom such materials were disclosed under the terms of this Agreement. Counsel shall then either destroy all such materials and provide certification of that destruction to opposing counsel, or return them to counsel for the party or non-party who initially produced the Litigation Materials (at that party or non-

party's option and expense), except that counsel may retain their work product copies of court filings and official transcripts and exhibits, but shall delete all Confidential Information or description thereof. The provisions of this Agreement shall continue to be binding after the termination of the Litigation and the Court shall retain jurisdiction necessary to enforce the provisions of this Agreement.

*Amendment*

28. The provisions of this Agreement may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Agreement pursuant to a motion brought in accordance with the applicable rules of the Court.

| On behalf of Relators: | On behalf of Defendants, |
|---|---|
| /s/ Charles J. Kocher, Esq. | /s/ Jessica Kirkwood Alley, Esq |
| Simon Bahne Paris, Esq. | Lawrence P. Ingram, Esq.    FBN: 855510 |
| Patrick Howard, Esq. | ingraml@phelps.com |
| Charles J. Kocher, Esq. | A. Brian Albritton, Esq.    FBN: 777773 |
| Saltz, Mongeluzzi, Barrett & Bendesky, P.C. | brian.albritton@phelps.com |
|  | Jessica Kirkwood Alley, Esq.   FBN: 177059 |
| One Liberty Place, 52nd Floor | alleyj@phelps.com |
| 1650 Market Street | 100 S. Ashley Drive, Suite 1900 |
| Philadelphia, PA 19103 | Tampa, FL 33602 |
| 215-575-3986; Fax 215-575-3894 | Telephone: (813) 472-7550; |
| E-mail: sparis@smbb.com | Fax: (813) 472-7570 |
| E-mail: phoward@smbb.com |  |
| E-mail: ckocher@smbb.com |  |
| Dated: 11/11/13 | Dated: 11/11/13 |

## Appendix A to Confidentiality Agreement

I, _____, have read the attached Agreement, understand its contents, and undertake to make no disclosures of Litigation Materials designated as "HIPAA Protected" or "Confidential" to any person who is not permitted to have access to such materials by this Agreement. In addition, I agree not to use any such Litigation Materials for any purpose other than assistance in this Litigation. I understand that a violation of this undertaking could be punishable by contempt of court. I further agree to consent to personal jurisdiction and venue in the United States District Court, Southern District of Florida, Miami Division, for any proceedings related to the Agreement.

I declare under the penalty of perjury under the laws of the United States that this is a true and correct statement.

Dated: _____

Name: _____

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Curtis Bradley Miner, Esquire
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134-2351
305-476-7400; Fax 305-476-7444
E-mail: curt@colson.com

Daniel Allen, Esquire
Jose M. Bautista, Esquire
Bautista & Allen
Post Office Box 412456
Kansas City, MO 64141
816-221-0382
E-mail: daniel@bautistaallen.com
E-mail: jose@bautistaallen.com

Simon Bahne Paris, Esq.
Patrick Howard, Esq.
Charles J. Kocher, Esq.
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-575-3986; Fax 215-575-3894
E-mail: sparis@smbb.com
E-mail: phoward@smbb.com
E-mail: ckocher@smbb.com

Counsel for Relators Gerry Phalp and Matt Peoples

Susan Torres, Esq.
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, FL 33132
305-961-9331; Fax: 305-530-7139
E-mail: susan.torres@usdoj.gov

Counsel for United States of America

/s/ Jessica Kirkwood Alley, Esq.
Attorney