UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21094-CIV-HOEVELER/O'SULLIVAN

UNITED STATES OF AMERICA
ex rel., GERRY PHALP and MATT PEOPLES,
    Plaintiffs,

v.


LINCARE HOLDINGS, INC. and LINCARE, INC.
d/b/a DIABETIC EXPERTS OF AMERICA,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Sequence Discovery to Initially Address Threshold Issues, Allow Summary Judgment Motions, and Hold a Rule 16 Scheduling Conference by Defendants Lincare, Inc. & Lincare Holdings, Inc. (DE# 61, 9/20/13), the Defendants' Motion for Extension of Time to Respond to Portions of Relators' Discovery Requests until after Court Holds Jointly Agreed upon Rule 16 Conference and Rules on Defendants' Motion to Sequence Discovery to Initially Address Threshold Issues (DE# 68, 10/28/13) and the parties' Joint and Unopposed Request That Defendants' Motions for Extension to Respond to Portions of Relators' Discovery Be Set for a Hearing Together with the Parties' Jointly Requested Rule 16 Conference (DE# 73, 1/7/14).

The defendants seek a pretrial scheduling order structuring discovery into the following phases: (1) a 90-day discovery period on the limited issues identified in the

instant motion[1] followed by a 30-day period to file summary judgment motions and (2) if the Court rules against the defendants on summary judgment, a second 150-day discovery period on all issues, followed by a 30-day expert discovery period. See Motion to Sequence Discovery to Initially Address Threshold Issues, Allow Summary Judgment Motions, and Hold a Rule 16 Scheduling Conference by Defendants Lincare, Inc. & Lincare Holdings, Inc. (DE# 61 at 2, 9/20/13). The relators object to the relief requested on the ground that the defendants' proposal would improperly limit the evidentiary record to be presented to the Court on summary judgment resulting in prejudice to the relators. See Relators' Memorandum of Law in Opposition to Defendants' Motion to Sequence Discovery to Initially Address Threshold Issues, Allow Summary Judgment Motions, and Hold a Rule 16 Scheduling Conference by Defendants Lincare Inc. and Lincare Holdings Inc. (DE# 63 at 1-2, 10/4/13). In their reply, the defendants maintain that discovery should be limited and sequenced in the instant case because dispositive issues exist that could resolve the matter in its entirety, thereby eliminating the need for costly and unnecessary discovery. See Reply to Plaintiffs' Response to Defendant Lincare Inc and Lincare Holdings Inc.'s Motion to Sequence Discovery (DE# 65 at 2-5, 10/14/13).

---

[1] The defendants wish to limit the scope of discovery during the initial 90-day period to: (1) the corporate structure of both defendants, (2) the assignments of benefits associated with the six Medicare beneficiaries identified in the Second Amended Complaint (DE# 43, 4/6/12) and (3) defendant Lincare, Inc.'s sales history with the six Medicare beneficiaries at issue. See Motion to Sequence Discovery to Initially Address Threshold Issues, Allow Summary Judgment Motions, and Hold a Rule 16 Scheduling Conference by Defendants Lincare, Inc. & Lincare Holdings, Inc. (DE# 61 at 14, 9/20/13). The defendants also wish to limit the number of depositions to three per side. Id.

2

"[The Eleventh Circuit] accord[s] district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) (citations omitted). The provisions of the Federal Rules of Civil Procedure governing discovery "allow the parties to develop fully and crystalize concise factual issues for trial" and "are to be broadly and liberally construed." S.E.C. v. Wall Street Capital Funding, LLC, No. 11-20413-CIV, 2011 WL 2295561, at *3 (S.D. Fla. Jun. 10, 2011) (citations omitted). Moreover, the party seeking to limit discovery bears the burden of "show[ing] good cause for departing from the usual discovery procedures." Nassau Terminals, Inc. v. M/V BERING SEA, No. 99-104-CIV-J-20C, 1999 WL 1293476, at * 1 (M.D. Fla. Jul. 1, 1999).

In the instant case, the defendants have not provided sufficient reason for this Court to depart from the long-established liberal approach to discovery in this Circuit. The defendants essentially argue that discovery should be limited to the three narrow issues they have identified in their motion because the instant case is potentially amenable to a resolution on summary judgment. However, the defendants have not shown why only the three narrow issues they have identified should be considered by this Court. The defendants argue, generally, that there is an "enormous burden associated with the Relator's fishing expedition," see Reply to Plaintiffs' Response to Defendant Lincare Inc and Lincare Holdings Inc.'s Motion to Sequence Discovery (DE# 65 at 10, 10/14/13), but have not provided the Court with any concrete support for this argument such as the number of days it would take to respond to the plaintiffs'

3

discovery requests or an estimate of the costs. Moreover, the Federal Rules of Civil Procedure provide for other, less drastic means of addressing burdensome or overbroad discovery requests, than the wholesale limitation of discovery. Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Sequence Discovery to Initially Address Threshold Issues, Allow Summary Judgment Motions, and Hold a Rule 16 Scheduling Conference by Defendants Lincare, Inc. & Lincare Holdings, Inc. (DE# 61, 9/20/13) is **DENIED**. The parties shall have until **Tuesday, March 25, 2014** to file their S.D. Fla. L. R. 16.1 joint proposed scheduling report. It is further

ORDERED AND ADJUDGED that the Defendants' Motion for Extension of Time to Respond to Portions of Relators' Discovery Requests until after Court Holds Jointly Agreed upon Rule 16 Conference and Rules on Defendants' Motion to Sequence Discovery to Initially Address Threshold Issues (DE# 68, 10/28/13) is **GRANTED**. The defendants shall have until **Tuesday, March 25, 2014** to file their responses and any objections to those portions of the relators' discovery request for which the defendants have sought an extension of time to respond and/or object. It is further

ORDERED AND ADJUDGED that the parties' Joint and Unopposed Request That Defendants' Motions for Extension to Respond to Portions of Relators' Discovery Be Set for a Hearing Together with the Parties' Jointly Requested Rule 16 Conference (DE# 73, 1/7/14) is **DENIED as moot**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this ___ day of March, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Hoeveler
All Counsel of Record